(June 12, 1980)

■ LOUIS D'AMBROSIO, Petitioner, v WATERFRONT COMMISSION OF NEW YORK HARBOR et al., Respondents.—Petition under CPLR article 78 to review an order of the Waterfront Commission of New York Harbor, dated January 26, 1979, dismissed, and the determination revoking petitioner's longshoreman's registration with leave to reapply in six months, confirmed, without costs. "Badging in," required of longshoremen who report for work, is a system which assures that, if a longshoreman reports timely, he is eligible to be selected for a day's work at a "shape-up"; if not so selected and passed over for the day, he is thereby registered as entitled to receive compensating payment from a contractually established fund, a form of unemployment insurance. By the device of having a friend badge in for him and actually appearing himself too late for shape-up—and this constitutes the "actually present" appearance referred to in the dissent—petitioner committed an obvious fraud. Thus, he would receive a day's fund benefit without incurring the danger of actually having to work. The dissent agrees that someone else badged in for petitioner, disagreeing only as to the sanction imposed. When it came to fixing the sanctions, respondent considered the fact that the same friend had badged in for petitioner at other times and that he had been previously suspended for other violations. Considering all the circumstances, the sanction was appropriate. "It is well settled that an administrative sanction is not to be set aside as excessive unless it is so 'clearly disproportionate to the offense and completely inequitable in light of the surrounding circumstances' (Kostika v Cuomo, 41 NY2d 673, 676) as to be ' "shocking to one's sense of fairness" ' (Matter of Pell v Board of Educ., 34 NY2d 222, 233; accord Schaubman v Blum, 49 NY2d 375). In view of the extent and nature of petitioner's purposive and knowing misconduct, it cannot be said that the sanction imposed * * * was excessive under this standard" (Matter of Ansbro v McGuire, 49 NY2d 872, 874). Concur—Birns, Markewich and Yesawich, JJ.

Murphy, P. J., and Kupferman, J., dissent in part in a memorandum by Kupferman, J., as follows: We would reduce the penalty to a suspension for 10 days, as recommended by the Administrative Judge, Patrick W. McGinley. The question here was whether the petitioner-appellant appeared at the respondent's Manhattan information center and "badged in" (similar to punching in), as required. The finding that someone else badged in for him is confirmed. However, the proof demonstrated, as testified to, among others, by an employee at the Manhattan center, that the petitioner was actually present shortly after the required badge in time. Inasmuch as there was little or no work for these longshoremen, the whole purpose of the badge in was to assure their presence in order for them to participate in the guaranteed annual income (GAI), which was a form of unemployment insurance for workers on the piers. We have no quarrel with the necessity of imposing some penalty. However, six months, which would be the equivalent of some $10,000, while possibly a strong deterrent for others, is clearly excessive as applied to this petitioner.